IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROC ASAP, L.L.C., a Utah corporation, and )
ABAB, INC., an Oklahoma corporation, as )
Assignee of ROC ASAP, L.L.C, )
    Plaintiffs, )    NO. CIV-12-461-D
vs. )
STARNET INSURANCE CO., et al., )
    Defendants. )

**O R D E R**

Before the Court are Plaintiff ABAB, Inc.'s Motions in Limine [Doc. No. 99] and Defendant Starnet Insurance Company's Motion in Limine [Doc. No. 108]. The motions have been fully briefed and are at issue.

**I.**    **Relevant Factual and Procedural Background**

At issue for trial is whether Defendant has breached its contractual duty to adequately pay on a claim arising from an insured fire loss that occurred on February 3, 2011 at a mall known as the Heritage Park Mall, the commercial property at issue in this litigation. Plaintiff has also filed a separate lawsuit currently pending before this Court which involves the same mall property but a different Defendant insurer, Scottsdale Insurance Company (Scottsdale), and a different loss, a May 2011 wind/hail loss.[1] That action was removed to federal court on December 5, 2013. Defendant contends it did not discover the fact of the May 2011 wind/hail loss until January 2014. Defendant further contends Plaintiff fraudulently failed to disclose the fact of the May 2011

---

[1] *See ABAB, Inc. et al., v. Scottsdale Insurance Company*, Case No. CIV-13-1292-D, United States District Court for the Western District of Oklahoma.

wind/hail loss during the course of the investigation of the fire loss claim or during the pendency of much of this litigation.

In addition, the Court previously granted summary judgment in favor of Defendant on Plaintiff's claim of bad faith. *See* Order [Doc. No. 85]. The Court did not make a determination regarding whether the conduct of Defendant at issue constituted bad faith. Instead, the Court determined that the bad-faith claim was not assignable to Plaintiff and granted summary judgment on that legal basis.

Many of the issues presented in the parties' respective motions in limine relate to the May 2011 loss and Plaintiff's purported conduct in failing to disclose that loss to Defendants as well as the disposition of Plaintiff's bad faith claim.[2]

## II. Motions in Limine

### A. Defendant Starnet's Motions in Limine

#### 1. Evidence Related to Allegations of Bad Faith

Defendant contends evidence of its claims-handling guidelines, policies and procedures, including deposition testimony of its claims representative, Donna Sofinowski, should be excluded pursuant to Fed. R. Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice. Defendant urges exclusion of the evidence on grounds it is only probative of

---

[2]Defendant does not bring any counterclaims against Plaintiff based on Plaintiff's alleged fraud and/or failure to disclose the May 2011 wind/hail loss. Defendant contends, however, that the evidence is relevant to the issue of damages and to its "affirmative defense of fraud." In its Answer to Plaintiff's Supplemental Complaint [Doc. No. 43] Defendant alleges as an affirmative defense that "[d]iscovery may reveal that the actions of the Plaintiffs constitutes fraud or involves unjust enrichment." *See id*. at p. 4, ¶ 17.

2

any alleged bad faith and the Court has entered summary judgment in favor of Defendant on Plaintiff's bad faith claim making the evidence irrelevant.

Due to the Court's summary judgment ruling, Plaintiff is prohibited from making reference to Defendant's conduct as "bad faith" or introducing claims handling or other evidence for purposes of establishing bad faith. The Court finds, however, that the evidence Defendant seeks to exclude, while relevant to the bad faith claim, may also be relevant to Plaintiff's breach of contract claim. Plaintiff is permitted to establish whether Defendant breached its contractual duties and, to the extent Plaintiff's claims handling demonstrates a breach of its contractual duties, such evidence may be admissible. Therefore, a categorical exclusion of all claims-handling evidence is not appropriate at this time. Defendant's motion in limine is denied without prejudice to Defendant asserting contemporaneous objections to admissibility of this evidence at trial if the particular context in which Plaintiff attempts to use the evidence so warrants.

Defendant further seeks to exclude evidence that it retained three separate field adjusters to prepare damage estimates as to the subject property, citing Plaintiff's Trial Exhibit No. 84 – Plaintiff's Aide to the Court Timeline [Doc. No. 108-2]. Defendant contends that "the implication from Plaintiff's Timeline is that Defendant was not reasonably investigating the loss . . . ." *See* Defendant's Motion at p. 3. Therefore Defendant contends the evidence should be excluded because it speaks only to Plaintiff's "non-viable bad faith claim." *See id*.

The Court finds this evidence too, while relevant to issues of bad faith, may be equally relevant to Plaintiff's breach of contract claim. The loss estimates made by the adjusters may be relevant to the property loss sustained and any resulting damages from the alleged breach of contract. As Plaintiff contends, the evidence that three different adjustors were used and the

3

timeline of events set forth in Plaintiff's Trial Exhibit No. 84 may also be relevant to Defendant's statute of limitations defense arising from the contractual one-year limitation period. Disputed facts exist as to whether Defendant continued to investigate the claim beyond the expiration of the limitations period and thereby waived the defense. The fact that different adjustors were used, the reasons for hiring different adjustors, and the time during which those adjustors were hired may be relevant to the issue of waiver. Similarly, the timeline of events, to the extent it demonstrates continued investigation of the claim, may be relevant to the defense. Because, contrary to Defendant's assertion, the challenged evidence does not speak solely to the issue of bad faith, Defendant's motion is denied at this time. Defendant is not precluded from asserting objections to the admissibility of the evidence at trial if Plaintiff attempts to interject issues of bad faith through introduction of the evidence, or for any other reasons authorized under the Federal Rules of Evidence.

## 2. **Evidence of Defendant's Loss Reserves**

Defendant also seeks to exclude any evidence or testimony regarding Defendant's loss reserves on grounds that "any marginal relevance is substantially outweighed by its prejudicial effect upon Defendant." *See* Defendant's Motion at p. 4. Defendant points to the fact that it is statutorily required to maintain loss reserves, and that, as to the claim at issue, it established a reserve before making any coverage determinations. As evidence it seeks to exclude, Defendant references certain loss reserve "screen shots" that Plaintiff has included in its list of exhibits. *See* Plaintiff's Trial Exhibit No. 67 – Loss Reserve Screen Shots [Doc. No. 108-3]. Defendant also references deposition testimony of Ms. Sofinowski concerning "the amount of the loss reserves, any adjustments to the loss reserves during Starnet's investigation, and recommendations from adjusters as to suggested

4

reserves for the loss." *See* Plaintiff's Motion at p. 4 *citing* Sofinowski Deposition testimony [Doc. No. 108-4].

In response, Plaintiff states that it would "agree not to introduce the Loss Reserve Screen Shots that Defendant Starnet references" and would further "agree not to introduce evidence of loss reserves actually set by Defendant Starnet." *See* Plaintiff's Response at p. 3. But Plaintiff contends evidence of loss reserves recommended by Defendant's adjusters is relevant as it reflects their "belief regarding the amount of covered damages they observed." *See id.* Plaintiff notes that these field adjustors are listed by Defendant as expert witnesses as to the issue of damages.

In its reply, Defendant specifically references loss reserves "suggested by the adjusters with Central Adjustment Company" and states that the loss reserve recommendations by these adjusters were submitted after the May 2011 wind/hail loss. According to Defendant, the loss reserve recommendations made by its adjusters include additional damage to the subject property resulting from the May 2011 loss – about which the adjusters did not know and for which Defendant is not liable.

Based on Plaintiff's concessions, Plaintiff's Trial Exhibit No. 67 – comprised of screen shots of Defendant's loss reserves is excluded and Plaintiff shall not introduce this evidence at trial. In addition, evidence of actual loss reserves set by Defendant is also excluded and shall not be introduced at trial.

The Court reserves any determination as to the admissibility of the loss reserve recommendations made by Defendant's adjusters. As noted by Plaintiff, Defendant lists the adjusters with Central Adjustment Company as expert witnesses on the issue of damages. The Court further notes that Defendant has supplemented its exhibit and witness list to address issues related

to the additional damage to the subject property resulting from the May 2011 hail loss. Whether introduction of that evidence would potentially render the loss reserve recommendations by Defendant's adjusters relevant to the issue of damages, or would be unduly prejudicial, cannot be adequately determined at this time based on the limited information presently before the Court. Therefore, Defendant's motion in limine is denied as to evidence of loss reserve recommendations made by its adjusters without prejudice to Defendant making contemporaneous objections to the admissibility of this evidence at trial. Further, counsel are directed to approach the bench prior to mentioning such evidence during trial, so that the Court can make a ruling outside of the hearing of the jury.

      **B.**      **Plaintiff's Motions in Limine**

Plaintiff seeks exclusion of fourteen separate categories of evidence. The Court addresses each category in turn, below.[3]

      **1.**      **Video and Still Shots of Subject Property**

Plaintiff seeks to exclude from evidence a video, and/or still shots taken from the video, of the Heritage Park Mall property. The video was taken more than two and one-half years after the fire loss, upon inspection of the premises by Defendant. Plaintiff contends the video is not relevant and any possible relevance is outweighed by its prejudicial effect requiring its exclusion pursuant to Fed. R. Evid. 403. Plaintiff contends the only relevant portrayal of the property is the time period immediately prior to and immediately after the fire loss. Plaintiff further contends Defendant has nearly a thousand photographs depicting the property in the sixty days following the fire loss and

---

[3]Plaintiff designates each category as "Motion __" with a number inserted in the blank. The Court notes that Plaintiff's numbering is in error as Plaintiff appears to have inadvertently repeated numbering in certain instances.

those photographs accurately depict the property for purposes of the claims at issue. Accordingn to Plaintiff, it would be unduly prejudicial to show the significant deterioration of the Heritage Park Mall property in the two and one-half years following the fire loss.

Defendant responds that the video is relevant to assist the jury "in distinguishing between damages from the time periods subsequent to the February 2, 2011 fire loss, the May 2011 wind/hail loss at the mall, and the subsequent inspections performed by Central Adjustment Company on Starnet's behalf (July, October, and November 2011)." *See* Defendant's Response at p. 3. Defendant contends the video is particularly relevant because it was never apprised of the May 2011 event and its inspectors performed their evaluations of the property without knowledge of the intervening event and with Plaintiff's concealment of the hail loss from the inspectors. Defendant contends the video and still shots are also relevant to show that Plaintiff has failed to invest any money back into the subject property despite receiving payments of significant insurance monies. Although not expressly stated by Defendant, it appears Defendant offers evidence of Plaintiff's conduct in allowing the property to deteriorate to establish its affirmative defense of fraud and/or unjust enrichment.

The parties have not submitted a copy of the video for the Court's review. However, the video appears to be relevant to assist the jury in differentiating between the damage to the property resulting from the fire and the damage to the property resulting from the hail storm. Defendant's failure to maintain the property might also be relevant to the issue of unjust enrichment. At this time, therefore, the Court denies Plaintiff's motion in limine. Plaintiff is not precluded from making contemporaneous objections to the admissibility of the video at trial.

### 2. Other Insurance Claims Made by ABAB, Inc. and/or Ahmed Bahreini

Plaintiff states that ABAB, Inc. and/or Mr. Bahreini own a substantial amount of real estate – approximately 40 properties. Plaintiff seeks to exclude evidence of insurance claims made on other properties owned by Plaintiff and/or Mr. Bahreini pursuant to Fed. R. Evid. 403 and contends any "minute relevance" is outweighed by its prejudicial effect. Plaintiff does not identify any specific claims it seeks to exclude but generally states that "Plaintiff has made several claims against their [sic] insurance policies for damage caused by Oklahoma's hail storms." *See* Plaintiff's Motion at p. 4.

In response, Defendant contends it should be allowed to introduce evidence of insurance claims that Plaintiff and/ or Ahmad Bahreini have made to Scottsdale. Defendant represents that "Plaintiff is also pursuing damages from Scottsdale for interior damages to the mall property, just as Plaintiff is in this case." *See* Defendant's Response at p. 10. Defendant also contends that Plaintiff has "actively concealed the Scottsdale claim" from it. *Id.* at p. 11.

Because Plaintiff makes a broad and non-specific request to exclude evidence of "insurance claims," Plaintiff's motion in limine is denied at this time. Moreover, Defendant has demonstrated the relevance of at least one insurance claim related to the Heritage Park Mall property, the Scottsdale claim for the May 2011 hail loss. The Court makes no determination at this time as to the admissibility of any other insurance claims, and the parties are cautioned to approach the bench prior to mentioning such evidence at trial.

### 3. Multiple Transfers/Assignments of Promissory Note and Mortgage

Plaintiff seeks to exclude any evidence of the multiple transfers/assignments of the promissory note and mortgage covering the Heritage Park Mall property. Plaintiff contends this

8

evidence is not relevant under Fed. R. Evid. 403 and would confuse the jury. Plaintiff relies in part on the fact that to the extent the multiple transfers and assignments speak to whether an insurable interest exists in the subject property, the Court has granted partial summary judgment in favor of Plaintiff on that issue.

Defendant responds that the multiple transfers and assignments "speak to the heart of one of the main issues in this case, which is whether Defendant waived the application of the one year statute of limitations contained within the Policy." *See* Defendant's Response at p. 4. Defendant's statute of limitations defense involves issues related to whether purchase and sale documentation was timely provided to Defendant and whether Defendant continued to investigate the claim subject to its receipt of that documentation. Defendant contends it could not ascertain whether an insurabe interest existed in the property (and therefore whether the claim was covered) until its receipt of that documentation.

Issues relating to Defendant's statute of limitations defense do not depend upon the *validity* of the transfers and assignments but rather, whether Plaintiff timely cooperated in providing the relevant documentation. The facts relevant to those issues can be established through introduction of other evidence. The Court notes that the transfers and assignments mostly involve entities not parties, or no longer parties, to this litigation. The Court agrees that introduction of this evidence is likely to confuse the jury. Its limited relevance is outweighed by the danger of misleading the jury, confusion of the issues, and unfair prejudice. In addition to the danger of confusion presented by the introduction of multiple, legally technical transfer and assignment documents, the introduction of such documents would likely consume an excessive amount of time at trial in

comparison to their limited relevance. Therefore, the Court grants Plaintiff's motion in limine as to this evidence.

### 4. Whether the Heat in the Subject Property was Sufficient

Plaintiff contends that whether adequate heat was present in the Heritage Park Mall property at the time of the fire loss is not relevant and seeks to exclude evidence of the same. According to Plaintiff, coverage is not dependent on whether the heat was on in the building.

Defendant takes the position that Plaintiff appears to have withdrawn any claim related to water damage to the Heritage Park Mall property resulting from the fire loss. If such claims have in fact been withdrawn, then Defendant concedes evidence regarding adequate heating of the property is not relevant. *See* Defendant's Response at p. 6. Defendant contends, however, that if Plaintiff is pursuing a claim based on water damage, the issue of adequate heat is relevant to whether the sprinkler line was frozen at the time of the fire.

Because the Court does not have sufficient information before it as to whether Plaintiff intends to present evidence of water damage to the property, Plaintiff's motion in limine is premature and is denied at this time.

### 5. Other Lawsuits in Which ABAB, Inc. or Ahmad Bahreini Have Been Involved

Without identifying any particular lawsuit, Plaintiff seeks to exclude evidence or argument of any other lawsuits that it or Mr. Bahreini have been "involved in" as irrelevant and unduly prejudicial. Defendant contends (and Plaintiff concedes) that the Scottsdale claim and related litigation as to damages sustained to the Heritage Park Mall property are relevant. The Court, therefore, denies Plaintiff's motion in limine as to evidence related to the Scottsdale claim and

related litigation as to the Heritage Park Mall property.  Because no other litigation has been identified, the Court makes no rulings with respect to any other litigation.

### 6. Unsubstantiated Assertions that ABAB, Inc. and/or Ahmad Bahreini Were Involved in Arson or Fraud

Plaintiff believes Defendant intends to introduce evidence or argument that ABAB, Inc. and/or Ahmad Bahreini have committed arson or other fraud against Defendant.  Plaintiff contends Defendant should be prohibited from making unsubstantiated assertions of fraud.

In response, Defendant references only the Scottsdale claim and Plaintiff's alleged concealment of that claim during Defendant's investigation of the fire loss.  As discussed *supra*, evidence related to the Scottsdale claim on the Heritage Park Mall property is admissible.  To the extent evidence exists to show that Plaintiff or Mr. Bahreini engaged in conduct to conceal that claim or otherwise failed to disclose that claim, it is relevant to Defendant's affirmative defenses.

However, the parties have not made the Court aware of any evidence that would substantiate allegations that ABAB, Inc. and/or Ahmad Bahreini have committed arson.  Any reference to such wrongful conduct would be designed to appeal primarily to the emotions of the jury, and should be excluded as the prejudicial effect outweighs any probative value. In responding to Plaintiff's motion, Defendant makes no indication that it intends to offer such argument.  Nonetheless, as a cautionary measure, the Court grants Plaintiff's motion in limine and deems inadmissible argument or unsubstantiated allegations that ABAB, Inc. and/or Ahmad Bahreini have committed arson.

### 7. Disputes with Municipalities or Municipal Citations Unrelated to the Heritage Park Mall Property

Plaintiff next seeks to exclude as irrelevant or unfairly prejudicial evidence or argument of any disputes with any municipality or municipal citations related to other properties owned by

ABAB, Inc. and/or Ahmed Bahreini. In response, Defendant contends that an issue in this case is the care and upkeep of the subject property. Defendant states that whether Mr. Bahreini "is a good caretaker or provides good upkeep to his other properties might well come to be at issue in this case or raised during trial . . . ." *See* Defendant's Response at p. 8.

Although the Court doubts that such evidence would be admissible, under the circumstances here, the Court denies Plaintiff's motion in limine at this time. The request is premature and made without sufficient context for the Court to determine the admissibility of the evidence. Plaintiff can raise objections to the admissibility of this evidence at trial, and the parties are cautioned to approach the bench before mentioning any such evidence.

### 8. Evidence of Any Arrest of Ahmed Bahreini

The Court grants Plaintiff's request to exclude evidence or argument concerning the "arrest" of Mr. Ahmed Bahreini. Plaintiff states the arrest did not result in a conviction and was more than ten years ago. Plaintiff further states it does not believe any charges were ever filed. While Plaintiff does not identify the nature of the charges for which the arrest was made, Defendant concedes that this evidence should be excluded unless Plaintiff were to "open the door" to the issue at trial. Plaintiff's motion in limine is granted. If Defendant believes that such evidence has become admissible during trial, Defendant is directed to approach the bench and request a ruling.

### 9. Evidence of Other Real Property Owned by ABAB, Inc. and/or Ahmed Bahreini

Plaintiff contends it constitutes legal error to admit evidence of a party's financial condition, citing *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983). On this basis, Plaintiff seeks to exclude evidence or argument concerning other real property owned by ABAB, Inc. and/or Mr.

Bahreini. Defendant contends the evidence may be relevant to issues concerning Plaintiff's and Mr. Bahreini's "experience and savvy as real property owners."

Plaintiff's request is overly broad and the motion in limine is denied at this time. The Court notes that the fact ABAB, Inc. and/or Mr. Bahreini own substantial commercial property could be used to prove a number of matters other than their financial condition. Plaintiff may make a contemporaneous objection at trial if such evidence is offered for an improper purpose.

### 10. Evidence of Insurance Payments to ABAB, Inc. or Ahmed Bahreini for Damages to the Montgomery Ward Building

The parties submit that Scottsdale has made payments to ABAB, Inc. and/or Ahmed Bahreini for claims made as a result of hail damage to property identified as the Montgomery Ward Building. Pursuant to Fed. R. Evid. 403, Plaintiff seeks to exclude this evidence. The Montgomery Ward Building is not at issue in this litigation and Plaintiff contends Defendant may attempt to confuse the jury into believing the Scottsdale payments were compensation for damages to the Heritage Park Mall property.

In response, Defendant contends Mr. Bahreini admitted that the Scottsdale claim is for damages to three properties resulting from the May 2011 hail occurrence and that one of those properties is the Heritage Park Mall.[4]

It is unclear from the parties' submissions whether Mr. Bahreini received a lump sum payment from Scottsdale for all three properties or whether he received separate payments as to each property. If separate payments were made, the amount received from Scottsdale on the Montgomery

---

[4] Mr. Bahreini testified that the "subject matter" of the Scottsdale claim included the Montgomery Ward building, the A to Z building and the Heritage Park Mall. *See* Deposition Testimony of Ahmad Bahreini [Doc. No. 116-5]. There is no testimony regarding the resolution of the claim or any detail regarding amounts paid on the claim.

Ward Building would not appear to be relevant. In fact, the Court has previously determined that claims made by Plaintiff on the Montgomery Ward Building are not relevant to the breach of contract claim at issue in this litigation. *See* Order [Doc. No. 95] at pp. 3-4. Nonetheless, if a lump sum payment was made to Plaintiff, that evidence may be relevant on the issue of damages in this action and whether an offset may be appropriate for sums already paid on the Heritage Park Mall property. Without more detailed information from the parties to guide the Court's determination, at this time Plaintiff's motion in limine is denied.

### 11. Evidence of Insurance Claims Made by ABAB, Inc. or Ahmed Bahreini to Scottsdale

Plaintiff seeks to exclude evidence or argument concerning any claims ABAB, Inc. or Ahmed Bahreini have made to Scottsdale "unless it is for the same damages as Plaintiff has claimed in this case." *See* Plaintiff's Motion at p. 10. Plaintiff states that it "is not seeking to exclude all evidence of subsequent hail damage" but is "just seeking to exclude information relating to the insurance claim." *Id*. at p. 11.

In response, Defendant contends Plaintiff seeks recovery of damages to the interior of the Heritage Park Mall property and that these are the same damages sought by Plaintiff and Mr. Bahreini in the Scottsdale claim. Defendant contends it should be permitted to introduce evidence of Plaintiff's attempt to collect a "double recovery." Defendant also contends evidence of the Scottsdale claim is relevant because Plaintiff attempted to conceal this claim from Defendant.

As noted previously, evidence of claims made on property unrelated to the Heritage Park Mall is not relevant and should be excluded under Fed. R. Evid. 401 and 402. But as Plaintiff concedes, evidence of insurance proceeds paid to Plaintiff and/or Ahmed Bahreini for damages to the Heritage Park Mall property is relevant to the issue of damages in this action. Moreover,

evidence of the Scottsdale claim as to the Heritage Park Mall property is relevant to Defendant's affirmative defense of fraud. At this time, therefore, Plaintiff's motion in limine is denied.

### 12. The Court's Dismissal of Plaintiff's Bad Faith Claim

Plaintiff seeks to exclude evidence or argument referencing the fact that its bad faith claim has been denied. Defendant concedes that this evidence should be excluded subject to the condition that Plaintiff not open the door to the issue at trial. Based on the Court's summary judgment ruling and Defendant's concession, Plaintiff's motion in limine is granted as to this evidence.

### 13. Defendant's Exhibits 66, 67, 69, 70, 78A, 78B, 78C, 79, 81

Plaintiff contends Defendant's Exhibits 66, 67, 69, 70, 78A, 78B, 78C, 79 and 81 are "bulk" exhibits and have not been properly identified by Defendant. Defendant has previously been advised by the Court that its identification of these exhibits is overly broad and that Defendant would be required to identify the exhibits with more specificity in the Pretrial Report. *See* Order [Doc. No. 95] at p. 4, footnote 1. The manner in which Defendant has identified its exhibits is a matter more properly addressed in the context of the Court's review of the parties' Pretrial Report and the Court has addressed the matter by separate order. Therefore, Plaintiff's motion in limine is denied at this time.

### 14. Defendant's Exhibits 68, 71, 73, 74, 75, 76 and 77

Plaintiff similarly contends that Defendant's Exhibits 68, 71, 73, 74, 75, 76 and 77 should be excluded because those exhibits are identified in an overly-broad manner. For the same reasons stated above, this issue is separately addressed by the Court in the context of the Court's review of the parties' Pretrial Report. Therefore, Plaintiff's motion in limine is denied at this time.

### III. **Conclusion**

In sum, Defendant Starnet Insurance Company's Motion in Limine [Doc. No. 108] is GRANTED as to the following:

(1) Evidence or argument referring to Defendant's conduct as "bad faith" or introduced for purposes of establishing Defendant's bad faith;

(2) Plaintiff's Trial Exhibit 67 – screen shots of Defendant's loss reserves; and

(3) Evidence or argument of actual loss reserves established by Defendant.

The Motion is otherwise DENIED.

The Court further GRANTS Plaintiff ABAB Inc.'s Motions in Limine [Doc. No. 99] as to the following:

(1) Evidence or argument concerning the multiple transfers/assignments of the promissory note and mortgage covering the Heritage Park Mall property;

(2) Evidence or argument that ABAB, Inc. and/or Ahmad Bahreini have committed arson;

(3) Evidence or argument of any arrest of Ahmad Bahreini; and

(4) Evidence or argument regarding the Court's summary judgment ruling denying Plaintiff's bad faith claim.

Plaintiff's Motions are otherwise DENIED.

IT IS SO ORDERED this 15th day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE