IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROC ASAP, L.L.C., a Utah corporation, and )
ABAB, INC., an Oklahoma corporation, as )
Assignee of ROC ASAP, L.L.C, )
    Plaintiffs, ) NO. CIV-12-461-D
vs. )
STARNET INSURANCE CO., et al., )
    Defendants. )

# O R D E R

Before the Court is Plaintiff's Motion to Strike Defendant's Exhibits 66-79 from the Pretrial Report [Doc. No. 132]. Defendant has responded to the motion [Doc. No. 133]. The matter, therefore, is ready for decision.

On April 3, 2014, the Court entered its Order [Doc. No. 95] granting, in part, Defendant's Motion to Supplement its Final Witness and Exhibit Lists [Doc. No. 87]. As to Defendant's exhibit list, the Court granted Defendant's request to add Supplemental Exhibits 68-75, 81, 83-84 and 85. In granting this request, the Court expressly stated:

> The deadline for submission of the parties' Pretrial Report is April 17, 2014. Defendant's identification of exhibits in its Motion to Supplement is extremely broad. Defendant is directed to identify with specificity the exhibits to be used at trial in its Pretrial Report submissions.

*Id*. at p. 4, footnote 1. Thereafter, Defendant filed its Supplemental Final Exhibit List [Doc. No. 96]. Defendant identified the supplemental exhibits in the same manner as presented in its motion to supplement without any further specificity. The parties also submitted their proposed Final Pretrial Report [Doc. No. 104]. Again, Defendant identified the supplemental exhibits in the same manner as presented in its motion to supplement and disregarded the Court's directive to provide specificity.

Plaintiff objected to the supplemental exhibits on that basis and reserved further objections subject to Defendant specifically identifying its exhibits.[1]

On September 15, 2014, the Court entered its Order [Doc. No. 128] requiring the parties to submit a revised Final Pretrial Report on or before September 29, 2014. The Court noted in that order that Defendant had failed to comply with the Court's prior directive requiring Defendant to identify its supplemental exhibits with specificity and again directed Defendant to do so before submitting a revised Final Pretrial Report.

In the revised Final Pretrial Report [Doc. No. 134], and less than two weeks before trial, Defendants exhibits have now more than doubled from a total of 81 exhibits to a total of 189 exhibits. As one example of how Defendant's delay in identifying its supplemental exhibits with specificity has now resulted in a sudden dramatic increase in those exhibits, Plaintiff states: "the documents previously marked Exhibit 67, and identified as a single exhibit of documents from the City of Midwest City, [is] now more than 40 exhibits by itself." *See* Plaintiff's Motion at p. 3, ¶ 6; and *compare* proposed Pretrial Report [Doc. No. 104] filed April 17, 2014 *with* proposed Pretrial Report filed September 29, 2014 [Doc. No. 134]. Plaintiff further contends that as of September 29, 2014, "Defendant's Counsel has not yet provided a list of the specifically identified exhibits, much less a copy of the exhibits marked as trial exhibits." *See* Plaintiff's Motion at p. 4, ¶ 8.

In response, Defendant contends that it has now specifically identified the supplemental exhibits and that in the process, Defendant has "reduced the total amount of documents it previously identified as exhibits" and has "actually eliminated approximately 1,500 pages of documents previously identified as exhibits . . . ." *See* Defendant's Response at p. 2, ¶ 4. Defendant does not

---

[1]The Court further notes that Plaintiff objected to the manner of Defendant's identification of its supplemental exhibits in its Motion in Limine [Doc. No. 99].

allege that it has provided copies of the exhibits marked for trial but states that "the exhibits themselves have been in the possession of opposing counsel for months." *Id*. at pp. 1-2, ¶ 2.[2] The Court notes, as evidenced by the record, that Defendant did not provide its submissions for the revised Final Pretrial Report until the eleventh hour.

Defendant has had months to correct the deficiencies previously addressed by this Court in its identification of exhibits. Defendant's continued failure to follow the directives from this Court, as well as the requirements of the local rules of this Court, is of great concern to the Court. Rather than streamline exhibits for trial, Defendant has now purportedly more than doubled the number of its exhibits for trial.

Nonetheless, the specific identification of exhibits as now set forth in the revised Final Pretrial Report allows Plaintiff the opportunity to make appropriate objections.[3] Moreover, while Plaintiff has not known with certainty which exhibits would be used, Plaintiff has had the exhibits in its possession and is aware of Defendant's intent to use these exhibits at trial. Under these circumstances, the Court finds Plaintiff's motion to strike should be denied.

However, even though the Court declines to strike the complained-of exhibits, the course of conduct and failure to make sufficient efforts to comply with the Court's previous orders is concerning. Defendant's counsel's delay has interfered with the orderly preparation of this case for trial, and precipitated the motion to strike filed by Plaintiff. Although Defendant claims that proper

---

[2]Pursuant to this Court's local rules, at least three business days before submission of the pretrial report "all exhibits and documents which are to be introduced in evidence are to be marked for identification, which shall include the case number, and physically exchanged or exhibited to opposing counsel." LCvR 39.4(a). It appears from the record that Defendant had not complied with this requirement prior to the submission of the revised Final Pretrial Report.

[3]By separate order, the Court has rejected the revised Final Pretrial Report and Plaintiff will be provided the opportunity to make proper objections and submit a second revised Final Pretrial Report to include those objections.

review of its exhibits eliminated significant duplication, that simply underscores counsel's previous failure to adequately review, describe, list, and exchange Defendant's trial exhibits. Thus, pursuant to Fed. R. Civ. P. 16(f), the Court directs Plaintiff to file, no later than October 7, 2014, a motion setting forth the attorney time and billing rate devoted to the filing of the motion to strike. The Court further directs Defendant to file a submission to show cause why the Court should not sanction the dilatory conduct and failures to adequately respond to the order of the Court as discussed herein, which submission shall be filed not later than October 8, 2014.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant's Exhibits 66-79 from the Pretrial Report [Doc. No. 132] is DENIED, and the parties are directed to submit the filings as directed herein.

IT IS SO ORDERED this 2nd day of October, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE