# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ROC ASAP, L.L.C., a Utah corporation, and ABAB, INC., an Oklahoma corporation, as Assignee of ROC ASAP, L.L.C, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | NO. CIV-12-461-D |
| vs. | ) ) | |
| STARNET INSURANCE CO., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER IMPOSING SANCTIONS AGAINST
## COUNSEL FOR DEFENDANT STARNET INSURANCE CO.

By previous Order [Doc. No. 138] entered on October 2, 2014, and pursuant to Fed. R. Civ. P. 16(f), the Court directed Plaintiff to submit a motion setting forth its attorney time and billing rate devoted to the filing of its Motion to Strike [Doc. No. 132]. The Court further directed Defendant to file a submission to show cause why the Court should not sanction Defendant for dilatory conduct and failure to fully comply with orders of the Court related to its identification and exchange of trial exhibits. The Plaintiff has now filed its Motion for Costs [Doc. No. 141] and Defendant has filed its Response to Order to Show Cause [Doc. No. 143].

The Court has already fully set forth the conduct giving rise to the show cause order, *see* Order [Doc. No. 138], and does not repeat those facts here. In its response, Defendant focuses its showing of cause primarily on events occurring prior to the initial submission of the parties' proposed Final Pretrial Report on April 17, 2014. However, the April 17, 2014, submission was only the first failed opportunity of Defendant to follow the Court's directive to identify its trial exhibits with specificity. Thus, to the extent time constraints associated with the submission of the

parties' proposed Final Pretrial Report on April 17, 2014, are advanced as cause, the Court finds those reasons unavailing.[1]

In the five months between April and September, Defendant provides no showing that it made further efforts to properly identify its trial exhibits with the specificity as directed by the Court. On September 15, 2014, the Court further advised Defendant that it had not complied with the Court's prior directive. *See* Order [Doc. No. 128]. Defendant contends that between September 15, 2014, and September 29, 2014, it went to "great lengths" to more specifically identify its exhibits as ordered by the Court and that as a result of that effort Defendant's trial exhibits nearly doubled. But Defendant does not address its failure to identify and exchange the trial exhibits in a timely fashion so as to allow Plaintiff the ability to make objections before the September 29, 2014 deadline for re-submission of the proposed Final Pretrial Report. In fact, as of mid-day on September 29, 2014, Defendant had not provided to Plaintiff a list of the specifically identified exhibits or a copy of the exhibits marked as trial exhibits as required by LCvR 39.4(a).

Although the Court is cognizant that Plaintiff had the relevant documents in its possession for a number of months, Plaintiff did not have the benefit of knowing which of those *specific* documents Defendant intended to use at trial and what, if any, objections Plaintiff needed to make to preserve those objections in the Final Pretrial Report. It remains clear that Defendant should have identified its trial exhibits with the specificity as directed by the Court well in advance of the Court's September 15, 2014, order and, in any event, in a timely fashion before the September 29, 2014, deadline for re-submission of the parties' proposed Final Pretrial Report.

---

[1]The Court notes, in this regard, that Defendant has never requested leave from the Court for additional time within which to comply with the Court's directives.

Significantly, in the most recent submission of the parties' proposed Final Pretrial Report [Doc. No. 142], Defendant's exhibits have been reduced from a total of 189 exhibits to a total of 110 exhibits. *Compare* proposed Final Pretrial Report [Doc. No. 134] *with* proposed Final Pretrial Report [Doc. No. 142]. Defendant's further refinement of its trial exhibits is appreciated, but it nevertheless indicates that had Defendant timely complied with the Court's initial directive in April 2014, the unnecessary expense to the parties and expenditure of judicial resources associated with the motion to strike filed by Plaintiff could have been avoided. In large part, therefore, the Court finds Defendant's response to the show cause order vacuous. Certainly, Defendant has not shown that its noncompliance was substantially justified or put forth any other circumstances which would make an award of expenses unjust. *See* Fed. R. Civ. P. 16(f). Accordingly, the Court finds the imposition of sanctions is warranted.

Plaintiff's Motion Setting Forth Attorney Time and Billing Rate Devoted to Filing Motion to Strike [Doc. No. 141] shows that the total attorney time expended in preparing the Motion to Strike is 1.5 hours at a rate of $125.00 per hour. The Court easily finds the amount of time expended and the rate charged to be reasonable. Therefore, the Court imposes sanctions in the amount of $187.50.

Defendant's counsel requests that any sanctions be imposed against counsel only, and not against the Defendant "as this situation did not arise through any acts and/or omissions of the Defendant and its representatives." *See* Defendant's Response at p. 7. The Court agrees and directs the imposition of sanctions against Defendant's counsel.

IT IS THEREFORE ORDERED that Defendant's counsel, Shawn E. Arnold and Matthew J.G. McDevitt, are sanctioned for their failure to comply in a meaningful and timely manner with

this Court's directive to identify with specificity Defendant's trial exhibits in the parties' proposed Pretrial Report submissions.

IT IS FURTHER ORDERED that the Court imposes sanctions against said Defendant's counsel in the total amount of $187.50 and directs them to pay that sum to Plaintiff, in care of Plaintiff's counsel, within seven (7) days of the date of this Order.

IT IS SO ORDERED this 10th day of October, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE