**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ABAB, INC., an Oklahoma corporation, as Assignee of ROC ASAP, L.L.C, | ) ) ) | |
| Plaintiff, | ) ) | NO. CIV-12-461-D |
| vs. | ) ) | |
| STARNET INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

**O R D E R**

At the Pretrial Conference held on October 9, 2014, the Court addressed matters concerning the validity of the assignment pursuant to which Plaintiff bases its entitlement to recover insurance proceeds payable, if any, under the insurance policy which is the subject of this litigation. The parties agreed the validity of the assignment did not appear to involve disputed issues of fact and the Court directed the parties to submit briefing on the legal issue as to the validity of the assignment. The parties' respective briefing on the issue is now before the Court. *See* Defendant's Brief [Doc. No. 150] and Plaintiff's Brief [Doc. No. 151].

**I.    Standard Governing Summary Judgment**

The Court may *sua sponte* grant summary judgment where, as here, the parties have been given an adequate opportunity to address the issue presented. *See, e.g., Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 949 n. 3 (10th Cir. 2011). As noted, at the Pretrial Conference the parties conceded – and the Court finds below – that no genuine issue of material fact is in dispute. Because the parties do not dispute the facts, the Court must determine a purely legal question. *Anderson v. Commerce Constr. Servs., Inc.*, 531 F.3d 1190, 1193 (10th Cir. 2008).

## II. <u>Undisputed Material Facts</u>[1]

The insurance policy at issue in this litigation is a Lender Placed and Foreclosed Policy of Insurance issued by Defendant to Silverleaf Financial, LLC (Silverleaf) with a policy period of May 27, 2010 through May 27, 2011.

Effective January 7, 2011, the Heritage Park Mall property (the Mall) was added to the policy of insurance. Plaintiff signed a real estate purchase agreement on January 24, 2011, for the purchase of the Mall from ROC ASAP, LLC (ROC).

On February 3, 2011, a fire occurred at the Mall. At the time of the fire, the Mall was still owned by ROC. Also, at the time of the fire, Silverleaf was the sole member and 100% interest holder of ROC. The Court has previously determined that Silverleaf had an insurable interest in the Mall at the time of the fire. *See* Order [Doc. No. 85].[2]

The insurance policy contains the following provision:

> **TRANSFER OF YOUR RIGHTS AND DUTIES**
>
> **Your** rights and duties under this policy may not be transferred without our written consent . . . .

*See* Defendant's Brief, Policy [Doc. No. 150-1] at ECF p. 29 (emphasis in original).

On April 11, 2011, an "Assignment of Insurance Claim" was entered into between ROC, as grantor, and Plaintiff, as grantee. *See* Defendant's Brief, Assignment [Doc. No. 150-3]; Plaintiff's Brief, Assignment [Doc. No. 151-1]. ROC is not a named insured under the insurance policy and neither party contends so.

---

[1]At the Pretrial Conference, the Court contemplated that the parties would submit the legal issue to the Court on a set of stipulated facts. Although the parties did not submit stipulated facts, the parties do not dispute the facts as set forth herein. These facts are taken from the parties' briefing and the Final Pretrial Report [Doc. No. 144].

[2]Both Silverleaf and ROC have been dismissed from this action.

On April 12, 2014, Plaintiff closed on the purchase of the Mall from ROC. On or about February 14, 2013, a subsequent "Assignment of Insurance Claim" was entered into between Silverleaf, as grantor, and Plaintiff, as grantee. The Assignment states that it is made "as of April 11, 2011." The Assignment contains the following language:

> Further, Grantor GRANTS, QUIT-CLAIMS, SELLS and CONVEYS to Grantee all of Grantor's right, title and interest in and to all insurance claims and/or the proceeds of any claims relating to the Property arising before Closing including, but not limited to, the claim initiated by Grantor and/or **ROCASAP, LLC**, a Utah limited liability company, and filed with StarNet Insurance Company (the "**Insurer**") on February 7, 2011 (the "**Claim**"), for property damage to the real estate and/or improvements arising out of fire, storm, water or any other peril at the Property.

*See* Defendant's Brief, Assignment [Doc. No. 150-4]; Plaintiff's Brief, Assignment [Doc. No. 151-2] (emphasis in original).

In August 2011, Defendant's claims representative, Donna Sofinowski, notified Plaintiff that Starnet did not consent to "an assignment of the policy or it's [sic] proceeds." *See* Defendant's Brief, Email Correspondence [Doc. No. 150-5] at ECF p. 2.

## III. Discussion

The validity of the terms of the assignment from Silverleaf to Plaintiff of the insurance claim and its proceeds arising from the February 3, 2011, fire at the Mall is not disputed.[3] The only dispute between the parties is whether the terms of the insurance policy preclude the assignment, absent written consent from Defendant. Plaintiff does not contend that Defendant ever gave its written consent for the assignment.

Although the policy prohibits the assignment of the insured's "rights and duties" under the policy, here Plaintiff seeks to enforce Silverleaf's assignment – post-loss – of its claim and the

---

[3]Defendant correctly contends that the first assignment is invalid because ROC is not a named insured under the policy and, therefore, had no claim or proceeds to assign to Plaintiff.

3

proceeds, if any, payable from the claim. As Plaintiff points out, the majority of courts hold that a post-loss assignment of claims arising under an insurance policy is not the equivalent of an assignment of the policy itself. *See Couch on Insurance*, § 35:8 (3d ed. 2013); *see also Katrina Canal Breaches Litigation*, 63 So.3d 955, 961 & n. 9 (La. 2011) (noting "prevailing American rule distinguishing between pre-loss and post-loss assignments" and citing cases); *Sable Cove Condominium Assoc v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2014 WL 4398668 (D. Colo. Sept. 5, 2014) (unpublished op.) (addressing identical non-assignment provision as that at issue here and concluding provision did not preclude assignment of a post-loss claim).[4] In *Katrina,* the court explained the rationale behind the majority rule as follows:

> [A]llowing an insured to assign the right to coverage (pre-loss) would force the insurer to protect an insured with whom it had not contracted-an insured who might present a greater level of risk than the policyholder. However, allowing an insured to assign its right to the proceeds of an insurance policy (post-loss) does not modify the insurer's risk. The insurer's obligations are fixed at the time the loss occurs, and the insurer is obligated to cover the loss agreed to under the terms of the policy. This obligation is not altered when the claimant is not the party who was originally insured. After the loss, the anti-assignment clause serves only to limit the free assignability of claims, which is not favored by the law, and such restrictions on an insured's right to assign its proceeds are generally rendered void.

*Id*., 63 So. 3d at 961 (citations omitted).

---

[4] The court in *Sable Cove* relied upon *City Center West, LP v. American Modern Home Ins. Co.*, 741 F.3d 1338 (10th Cir. 2014), *vacated* on grounds of mootness, 749 F.3d 912. The court noted that while the Tenth Circuit's *City Center* opinion has no *stare decisis* effect, it nonetheless agreed with the analysis and conclusions set forth therein. *Sable Cove*, 2014 WL 4398668 at * 3. Although both cases involve application of Colorado law, the Court notes the rules of contract construction applied mirror Oklahoma's rules of contract construction and, therefore, finds these decisions persuasive.

The parties concede Oklahoma law governs the issue before the Court.[5] However, neither party has cited Oklahoma law addressing the precise issue before the Court.[6] The Oklahoma Supreme Court has cited the majority rule identified in *Katrina* without criticism. *See American Alliance Ins. Co. of New York v. McCallie*, 319 P.2d 295, 298 (Okla. 1957) (once a fire loss occurs, "the relationship between the insurer and the insured becomes simply that of debtor and creditor" and "the chose in action, which the latter then has against the former, may be validly transferred to a third person, by assignment, without compliance with the policy's requirement that the insurer's consent thereto (by endorsement or otherwise) be obtained."). *See also Shadid v. American Druggist Fire Ins. Co.*, 386 P.3d 311, 314 (Okla. 1963) (recognizing that where a valid insurance claim has already matured at the time of the assignment, the "subject" of the assignment is a "chose in action" against the insurer). Given the Oklahoma Supreme Court's apparent endorsement of the majority rule, the Court follows the rationale of that line of cases and finds the assignment from Silverleaf to Plaintiff is valid and not precluded by the terms of the insurance policy.[7]

---

[5] Defendant states: "The Court previously held that the Oklahoma law applies to the contract claims at issue in this case." *See* Defendant's Brief [Doc. No. 150] at p. 7 (*citing* Order [Doc. No. 85] at p. 5). The Court reached this determination based on Defendant's contention that Oklahoma law and Maryland law were "indistinguishable" on the issue raised in Defendant's summary judgment motion – whether the insured, Silverleaf, had an insurable interest in the subject property. The Court further reached this determination based on Defendant's exclusive reliance on Oklahoma law to support its statute of limitations defense arising under the one-year period designated in the policy. *See* Order [Doc. No. 85] at p. 5. The Court concluded, therefore, that Defendant had waived application of Maryland law as to the issues before it at that time. Defendant has not cited Maryland law in its current briefing and did not include any choice of law issue in the Final Pretrial Report. Furthermore, Plaintiff relies on Oklahoma law. Therefore, the Court again applies Oklahoma law.

[6] The parties both cite *In re Kaufman*, 37 P.3d 845, 851(Okla. 2001), for the proposition that under Oklahoma law, contractual rights are presumed to be assignable, though parties may expressly provide otherwise. As the court found in *Katrina*, where an insurance company intends to preclude a post-loss claim as part of the anti-assignment provisions of the policy, it must expressly so state. *Id.*, 63 So. 3d at 963 ("Although we hold the parties may contract to prohibit post-loss assignments, we also hold the contract language must clearly and unambiguously express that the non-assignment clause applies to post-loss assignments.").

[7] Defendant has not cited to, or relied upon, any authority contrary to the majority view.

Moreover, under Oklahoma law, an insurance policy is a contract of adhesion, and as such, ambiguities and uncertainties in the exclusionary words must be construed strictly against the insurer. *Haworth v. Jantzen*, 172 P.3d 193, 198 (Okla. 2006). The Court concludes the assignment is valid without any requirement of addressing issues of ambiguity. But even if the prohibition on a transfer of "rights and duties" were deemed ambiguous (*i.e.*, whether "rights and duties" encompasses post-loss claims), any ambiguities must be construed in favor of Plaintiff and would require upholding the validity of the assignment.

**IV.     Conclusion**

For the reasons set forth, the Court finds, as a matter of law, that Silverleaf Financial, LLC's assignment to Plaintiff of the insurance claim and the proceeds, if any, payable on that claim is valid and enters judgment in favor of Plaintiff and against Defendant on that issue.

IT IS THEREFORE ORDERED that summary judgment is entered in favor of Plaintiff and against Defendant regarding the validity of the assignment pursuant to which Plaintiff brings its claims in this action.

IT IS FURTHER ORDERED that this Order is incorporated in and made a part of the Final Pretrial Report [Doc. No. 144].

IT IS SO ORDERED this 22nd day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE