# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABAB, INC., an Oklahoma corporation, as assignee of ROC ASAP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-12-461-D |
| STARNET INSURANCE CO., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Starnet Insurance Company's Motion to Review Taxation of Costs by the Court Clerk [Doc. No. 178]. The Clerk of Court previously taxed costs in the amount of $11,246.68. *See* Bill of Costs [Doc. No. 175]. Pursuant to Fed. R. Civ. P. 54(d)(1), Defendant seeks review of the Clerk's action.

Defendant contends the award of costs is improper on the following grounds: (1) Plaintiff did not file a brief in support of its Bill of Costs as required by LCvR 54.1; (2) Plaintiff was only partially successful as to the claims brought against Defendant; (3) Plaintiff has failed to demonstrate that its costs are for "materials necessarily obtained for use in this case;" and (4) certain fees for exemplification and making copies are not reasonable and necessary.

Pursuant to Fed. R. Civ. P. 54(d)(1), costs, other than attorney's fees, should generally "be allowed to the prevailing party." A district court has broad discretion to award costs subject to two limitations. First, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. Second, if costs are denied, the court must set forth a "valid reason" for the denial. *Cantrell v. Int'l Brotherhood of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir.1995) (stating that denying costs to a

prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied"). "[A] party need not prevail on every issue to be considered a Rule 54(d) prevailing party," although "it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful." *Cantrell*, 69 F.3d at 458, 459; *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir.2001) ("[I]n cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success").

The record reflects that prior to the hearing on the Bill of Costs, Defendant filed a Response and Objections to Plaintiff's Bill of Costs [Doc. No. 168] and raised, almost verbatim, the identical arguments now presented to the Court. Plaintiff replied [Doc. No. 170], addressed the issues raised by Defendant, and requested that to the extent it had not complied with LCvR 54.1, the reply brief be deemed Plaintiff's brief in support of its Bill of Costs. The Clerk of Court, fully apprised of the issues as a result of the parties' briefing, awarded costs as stated above. Defendant does not raise any new arguments before the Court.

While Plaintiff's conduct is not condoned, the Court finds Defendant was not prejudiced as a result of Plaintiff's failure to fully comply with LCvR 54.1. Briefing submitted by the parties prior to the Bill of Costs hearing adequately apprised Defendant of Plaintiff's grounds for seeking costs. Moreover, Plaintiff submitted the requisite declaration and invoices to support the amounts requested in Plaintiff's Bill of Costs.

The Court further finds that while Plaintiff was not successful on its bad faith claim, the bulk of the litigation efforts were devoted to the breach of contract claim and, therefore, under the

2

circumstances of this case it would not be proper to apportion costs or to reduce the costs requested. Plaintiff's bad faith claim was necessarily intertwined with the breach of contract claim in such a manner that expenses incurred in relation thereto were not unnecessarily expended and would not be easily apportioned. Moreover, although the jury awarded Plaintiff damages on its breach of contract claim in an amount far less than the amount sought by Plaintiff, Plaintiff nonetheless was a prevailing party on the claim.

The Court also rejects Defendant's objection on grounds the costs incurred were not for "materials necessarily obtained for use in this case." 28 U.S.C. §1920(2) and (4). The statute permits taxation of costs for all depositions "reasonably necessary to the litigation of the case." *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). A deposition is considered reasonably necessary to the litigation where it was not frivolous, it appeared to be necessary for the preparation of the case, and it was later introduced as evidence in connection with dispositive motions or at trial. *In re Williams Securities Litig.– WCG Subclass*, 558 F.3d 1144, 1147–48 (10th Cir.2009); *Furr*, 824 F.2d at 1550. Reasonable necessity is determined by examining the circumstances at the time the deposition was taken; the Court does not employ the benefit of hindsight in making that determination. *Williams*, 558 F.3d at 1148. Moreover, even if materials are not used at trial, but are reasonably necessary for use in the case, the court is "empowered to find necessity and award costs." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Costs should not be allowed where the materials merely added to the convenience of counsel or the district court. *Williams*, 558 F.3d at 1147.

Defendant disputes the reasonableness and necessity of a "Record prepared on December 20, 2013" in the amount of $380.50 and the depositions of Donna Sofinowski, Jim Masterson,

3

Michael Hargis, Alan Finley, Luis Esteves, and Ahmad Bahreini. As to the Record, the Clerk has deducted the cost of the Record from the costs awarded, rendering this issue moot. *See* Bill of Costs [Doc. No. 175] (fees for printed or electronically recorded transcripts, showing deduction of $380.50). As to the deposition costs, Defendant does not explain the basis for its "dispute" and the Court notes that each of the individuals deposed testified at trial where the only claim remaining was the breach of contract claim. Moreover, as Plaintiff states in its Response [Doc. No. 179], the depositions of these individuals were used in support of pleadings filed with the Court and/or during trial. *See id.* at ECF pp. 3-4. Therefore, Defendant has failed to show that the otherwise recoverable costs should not be taxed.

Finally, Defendant disputes the reasonableness and necessity of costs for exemplification and making copies, specifically identifying two invoices from "Ricoh": (1) an October 3, 2014 invoice in the amount of $515.00; and (2) a September 16, 2014 invoice in the amount of $1,926.29. Plaintiff responds that these costs were incurred for copies used for trial. As Plaintiff notes, the Clerk reduced the copying invoices by the amount charged for tabs and notebooks and no other invoices for copying charges were submitted with the Bill of Costs. The Court concludes these costs were reasonable and necessary.

IT IS THEREFORE ORDERED that Defendant Starnet Insurance Company's Motion to Review Taxation of Costs by the Court Clerk [Doc. No. 178] is DENIED. The Court AFFIRMS the award of costs to Plaintiff in the amount of $11, 246.68

IT IS SO ORDERED this  22nd  day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE