# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABAB, INC., an Oklahoma corporation, as Assignee of ROC ASAP, L.L.C, | ) ) ) | |
| Plaintiff, | ) ) | NO. CIV-12-461-D |
| vs. | ) ) | |
| STARNET INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

## **O R D E R**

Before the Court is Plaintiff's Application for Attorney's Fees and Interest upon the Judgment [Doc. No. 154]. The matter is fully briefed and ready for decision.

## I. Background

A jury awarded Plaintiff damages in the sum of $250,000.00 for its breach of contract claim against Defendant. Plaintiff now seeks an award of attorney's fees in the amount of $129,675.00[1] and an award of prejudgment interest since November 1, 2011 in the amount of $131,250.00.

## II. Discussion

### A. Attorney's Fees

In diversity cases, an award of attorney's fees is a substantive legal issue determined by state law. *North Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 817 (10th Cir.2000). Plaintiff seeks recovery of attorney's fees as a prevailing party pursuant to Okla. Stat. tit. 36, § 3629.

---

[1]Plaintiff's application seeks an award of fees in the amount of $173,157.50. As discussed more fully below, in its Reply, Plaintiff acknowledges that it erred in calculating the fees billed. Accordingly, Plaintiff modified the fee request to $129,675.00. *See* Reply [Doc. No. 171] at p. 8; *see also id.*, Invoices [Doc. No. 171-3].

In response, as a preliminary matter, Defendant claims Plaintiff has waived its right to recover attorney's fees. Defendant relies on the absence of any mention of a request for attorney's fees in the final pretrial order as grounds for opposing a fee award.[2]

Defendant further contends § 3629 does not apply to this case. Although Defendant acknowledges that a proof of loss was submitted, Defendant contends that the proof of loss did not trigger a right to recover attorney's fees because it issued a check in the amount of $230,325.35 in response to the proof of loss. Defendant contends no further proof of loss form was ever submitted. Alternatively, Defendant disputes the reasonableness of the attorney's fees sought and requests an evidentiary hearing on the issue.[3]

### 1. Failure to Include a Prevailing Party Request for Attorney's Fees in the Pretrial Order Does not Waive Plaintiff's Right to Recover Such Fees

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R Civ. P. 54(d)(2)(A). Defendant does not contend that to recover fees, Plaintiff was required to prove such fees as an element of damages at trial. Moreover, the

---

[2] Defendant further states that at the pretrial conference, Plaintiff represented to the Court that this was not an attorney's fees case. The record of the pretrial conference does not reflect such a discussion, and neither party has submitted affidavits or other evidence to support this claim. The Court, therefore, has not considered any purported representations made at the pretrial conference as support for Defendant's waiver argument.

[3] The Court finds an evidentiary hearing is not warranted. The briefing of the parties, the documentation supplied by Plaintiff as well as the Court's own familiarity with the case provide an adequate basis upon which to determine a reasonable attorney fee. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) ("[T]here is no need for an evidentiary hearing in an attorney's fees case when a record has been fully developed through briefs, affidavits, and depositions."). Moreover, it appears Defendant requests such a hearing to "simply reiterate arguments they already have made in their briefs" and therefore, the Court, in the exercise of its discretion, finds a hearing would not be critical to consideration of the issues presented. *Id*.

statutory basis for fees, Okla. Stat. tit. 36, § 3629(B), is a prevailing party fee statute. As such, the right to recovery did not arise until the entry of the jury verdict awarding damages to Plaintiff on its breach of contract claim. *See, e.g., Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1369-70 (5th Cir. 2004) (finding "untenable" argument that claim for attorney's fees was waived by failing to include it in the final pretrial order: "[a]t the pretrial stage, there is no prevailing party, and thus, any claim for attorneys' fees would be premature"); *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 627 (7th Cir. 2000) (reversing district court's refusal to award attorney's fees on grounds issue was not set forth in pretrial order where "there was no issue of entitlement to attorneys' fees to submit to the jury" but instead the issue was one "to be resolved after the trial on the basis of the judgment entered at the trial"); *United States ex rel. Sun Const. Co., Inc. v. Torix General Contractors, LLC*, No. 07-cv-01355-LTB-MJW, 2011 WL 2182900 (D. Colo. June 6, 2011) (unpublished op.) (finding no waiver of claim for attorney's fees not presented as damages claim in final pretrial order because such a claim is not a jury question or a triable issue but a "classic post-trial remed[y] available only to the prevailing party"). The Court, therefore, rejects Defendant's waiver argument.

### 2. Plaintiff is Entitled to Fees Under Section 3629

Section 3629(B) requires the insurer, upon receiving a proof of loss, "to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of the proof of loss." Okla. Stat. tit. 36, § 3629(B). The statute further provides: "[u]pon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party." *Id*. The statute provides that the insurer is the prevailing party "in those cases where judgment does not exceed the written offer of settlement." *Id*. "In all other judgments the insured shall be the prevailing party." *Id*.

The basis of the loss at issue in this action was a fire. Defendant does not dispute that a proof of loss was submitted on August 31, 2011.[4] The proof of loss provides for an "Agreed Partial Actual Cash Value payment" of $230,325.35. *See* Property Sworn Statement in Proof of Loss for Undisputed Amount [Doc. No. 169-10]. Defendant appears to contend that it timely *settled* the *claim*, relying on the fact that it issued a check in the amount set forth on the proof of loss within 7 days of Defendant's receipt of the proof of loss form. *See* Defendant's Response at p. 16 ("Defendant StarNet issued and sent out the check for settlement of the full amount of the claim covered by the signed Proof of Loss by September 7, 2011, just 7 days after the company's receipt of the sole Proof of Loss form."). But Defendant paid only an "agreed *partial* actual cash value" and did not settle or reject the claim within ninety days of receipt of the proof of loss. Indeed, in the context of rejecting Defendant's motion for summary judgment on grounds Plaintiff's claims were time-barred, the Court addressed the fact that the parties continued to negotiate the claim and/or have discussions regarding investigation of the claim *even after this lawsuit was filed*. *See* Order [Doc. No. 85] at CM/ECF pp. 13-14. *Compare AG Equipment Co. v. AIG Life Ins. Co., Inc.*, 691 F. Supp.2d 1295, 1306 & n. 8 (N.D. Okla. 2010) (insurance company's request for more information to determine whether it was obligated to pay claim was "separate issue" from adequacy of proof of loss for purposes of § 3629; "the insurer may request additional information and conduct further investigation before issuing a decision on whether a claim is covered, but this does not affect the adequacy of the proof of loss").[5]

---

[4]Although Defendant claims the proof of loss was not submitted within the time period set forth in the policy, Defendant acknowledges that it agreed to extend the deadline for submission of the proof of loss and that it ultimately received a signed proof of loss form. Section 3629 contains no statutory time limit within which the insured must submit the proof of loss.

[5]In *AG Equipment*, the insurance company's request for attorney's fees as a prevailing party
(continued...)

Defendant further claims no additional proofs of loss were submitted. However, Defendant fails to direct the Court to any provision of the insurance contract which would require submitting multiple proofs of loss. Plaintiff was awarded damages for a single breach of the insurance contract. Defendant's contention that "Plaintiff and its representatives never submitted or made a Proof of Loss for any other damages claims in this case, as required under the policy," *see* Response at p. 10, is without factual or legal support. Although Plaintiff's damages included amounts resulting from a sprinkler line break, those damages arose from a single claim of breach of the insurance contract. *Compare Regional Air, Inc. v. Canal Ins. Co.*, 639 F.3d 1229, 1225-36 (10th Cir. 2011) (notice to insurer of damage to insured equipment was sufficient to also constitute notice of storage fees incurred in relation thereto and such notice satisfied proof of loss requirement of § 3629) *overruled on other grds. by Yousuf v. Cohlmia*, 741 F.3d 31 (10th Cir. 2014).

Although Defendant challenges the sufficiency of the proof of loss, Defendant does not otherwise dispute that Plaintiff is the prevailing party. Indeed, because no settlement offer was ever made, the judgment in this case necessarily exceeded any offer of settlement. Attorney's fees, therefore, are properly awarded to Plaintiff under § 3629.

---

[5](...continued)
under § 3629 was denied due to the company's failure to reject or offer to settle the claim within 90 days. As the Court noted, "AIG could have rejected the claim within 90 days based on AG's refusal to provide the additional information requested by AIG, and this would have preserved AIG's right to seek attorney fees." *Id*. at 1306. The claim was not deemed settled or denied at the time a check issued. Instead, the claim was deemed denied almost one year later when AIG filed a counterclaim for breach of contract against AG. *Id*. Under these facts the court found that AIG waived its right to collect attorney fees under § 3629 by failing to reject or offer to settle the claim within 90 days. *Id*. at 1306. In the present case, the facts similarly demonstrate that the check issued by Defendant was not in settlement of the claim, but was a partial payment of the claim. The record establishes that Defendant continued to negotiate and/or investigate the claim well after issuance of the check.

### 3. Reasonableness of the Fee Award

Oklahoma law requires that a court first determine hourly compensation by utilizing the lodestar method, that is, multiplying hours expended by the rates of the lawyers involved. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1100 (Okla. 1991). Plaintiff's requested fee award is based on the amount of total hours expended (1037.40) times the hourly rate of $125 per hour. Plaintiff seeks a recovery of fees in the amount of $129,675.00 or approximately one-half of the amount of damages awarded by the jury.

Based on standards in the local legal community and the work performed in this case with which this Court is well-familiar, the Court finds the hourly rate is reasonable. Moreover, Defendant does not challenge the reasonableness of Plaintiff's billing rate of $125 per hour. *See* Response at p. 13 ("Defendant Starnet does not challenge the reasonableness of these hourly rates and agrees that these rates are commensurate with the prevailing rates charged in this community in similar cases."). The Court's remaining inquiry into reasonableness, therefore, is focused on the number of hours expended.

Defendant challenges the reasonableness of the fees based on what it characterizes as impermissible "block billing" by Plaintiff's counsel and otherwise vague and insufficiently detailed time entries. According to Defendant, Plaintiff's counsel used block billing on 416.10 hours of the total 873.15 hours billed – approximately 48% of the total billable hours identified in the supporting documentation attached to Plaintiff's Motion. In addition, Defendant claims reimbursement is sought for "unreasonable tasks" and seeks to preclude a recovery of fees for time spent on those tasks. Moreover, Defendant contends that the fees sought by Plaintiff do not bear a reasonable relationship to the $250,000.00 damage award by the jury. As part of that contention, Defendant claims Plaintiff

was only "marginally successful" and relies on the fact that the Court entered summary judgment in favor of Defendant on Plaintiff's bad faith claim. *See* Response at p. 21 ("Plaintiff fails to make any type of distinction between those fees incurred in the unsuccessful prosecution of its bad faith claim versus those fees incurred in the prosecution of its breach of contract claim.").

"Block billing or 'lumping' occurs when an attorney records time spent on various tasks on a given day but does not indicate the amount of time spent on each specific task." *Oklahoma Natural Gas Co. v. Apache Corp.*, 355 F. Supp.2d 1246, 1263 (N.D. Okla. 2004). Block billing does not *per se* require a deduction in fees awarded. *See Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000). It is problematic only in those instances where some of the tasks listed in a billing entry are compensable and others are not. *Id.* (noting that a fee award can include block-billed time if the court can ascertain the time spent on compensable tasks and determine whether that time was reasonable). Where block billing prevents the court from identifying compensable time, it is proper for the court to assess a general proportionate reduction of total hours claimed to ensure that noncompensable time is excluded. *Apache*, 355 F. Supp.2d at 1263-65.

Here, Defendant does not specifically contend that block-billing prevents this Court from distinguishing between compensable and non-compensable time. However, Defendant otherwise claims Plaintiff should not recover fees incurred for prosecution of the bad faith claim.

The Oklahoma Supreme Court has stated that "[r]ecovery authorized under § 3629(B) embraces both contract-and-tort-related theories of liability so long as the 'core element' of the damages *sought* and *awarded* is composed of the insured loss." *Taylor v. State Farm Fire and Cas. Co.*, 981 P.2d 1253, 1256 (Okla. 1999) (emphasis in original). Thus to the extent the bad faith and contract claims overlap, fees are properly awarded. *Sims v. Great American Life Ins. Co.*, 207 Fed.

Appx. 908, 909 (10th Cir. 2006). However, the Court must disallow attorney's fees related solely to Plaintiff's bad faith claim to the extent resolution of that issue did not contribute to recovery of the insured loss. *Id.*

The bad faith claim was resolved on summary judgment on grounds unrelated to the breach of contract claim.[6] The Court, therefore, finds some reduction in fees is proper for time attributed to the bad faith claim but that any reduction should be countered by the fact that the bad faith claim was resolved prior to trial and without significant time and expense attributed thereto. The Court entered its summary judgment order on February 20, 2014. Through February 2014, Plaintiff's invoices reflect that 572.75 of the 1037.40 hours for which Plaintiff seeks attorney's fees had been billed. The Court finds a 20% reduction in fees incurred through February 2014 is warranted and reduces the fee award downward by 114.60 hours. With that downward adjustment (1037.40 - 114.60 = 922.80) the lodestar amount is $115,350.00.

Defendant primarily seeks a reduction in fees due to block billing entries on grounds Plaintiff's time records are "sloppy and imprecise." Defendant makes a related argument that the billing entries are vague and lack sufficient detail to make a proper determination as to reasonableness. As examples, Defendant cites entries referencing telephone calls and meetings, without an explanation as to the purpose of such calls and meetings. In addition, Defendant contends timekeeping entries are duplicative, relate to unreasonable tasks – such as a one-hour entry for looking into "page limit issues" – and include excessive interoffice conferences. Defendant expresses

---

[6]The Court determined a bad faith tort claim is not assignable under Oklahoma law. Because Plaintiff brought the tort claim as assignee, the Court found the claim failed as a matter of law. *See* Order [Doc. No. 85] at pp. 15-16.

concern that the billing entries may include matters related to the client, but unrelated to the substantive matters at issue in this litigation.

In its reply, Plaintiff makes no effort to demonstrate, as required in support of a fee application, that counsel has made a good faith effort to exclude hours which are "excessive, redundant, or otherwise unnecessary." *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). Although Plaintiff redacted fees that it "believes are not recoverable" Plaintiff offers no explanation for the redaction. *See* Reply at pp. 7-8. Thus, it is impossible to know whether the redacted fees represent excessive or unnecessary hours expended in this litigation or relate to work performed on behalf of the client in other matters outside the scope of this litigation.

The Court has reviewed the billing entries challenged by Defendant. The Court finds that Defendant's concerns are supported, but not to the degree claimed by Defendant. Although Plaintiff utilized block-billing, many of the entries are reasonable and demonstrate appropriate time expended on discrete tasks. Furthermore, while Plaintiff's entries are, at times, too cryptic, most entries allow for a determination of their reasonableness particularly in light of the nature of the claims at issue. Therefore, the Court concludes a downward adjustment of 20% of the total hours requested (1037.40 - 207.48 = 829.92) is warranted.

After giving effect to the reductions set forth, the number of hours to be deducted from the total hours requested is 322.08. The resulting lodestar amount is $89,415.00 (715.32 x $125.00).

The Court finds the lodestar amount of $89,415.00 is reasonable and that consideration of additional factors, under *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979),

including the results obtained, supports an award in this amount.[7] Moreover, as required under Oklahoma law, the Court concludes the attorney's fees requested bear a reasonable relationship to the amount in controversy. *Spencer v. Oklahoma Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007).

### B. Prejudgment Interest

Plaintiff also seeks the recovery of prejudgment interest. In Oklahoma, two statutory provisions govern an award or denial of prejudgment interest in a breach of insurance contract case. First, § 3629(B) provides that "[i]f the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." 36 Okla. Stat. Ann. § 3629(B). Second, Oklahoma's general prejudgment interest statute provides that "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day. . . ." 23 Okla. Stat. Ann. § 6.

In *Taylor*, the Oklahoma Supreme Court construed 36 Okla. Stat. Ann. § 3629(B) and 23 Okla. Stat. Ann. § 6 *in pari materia*. *Id.*, 981 P.2d at 1261. The court explained that when § 3629(B) is construed with § 6, the purview of § 3629(B) is restricted to property-loss recoveries in which the insured loss was (1) for a liquidated amount, or (2) for an amount that could be made ascertainable by reference to well-established market values. *Id.* Accordingly, before the prevailing party can be awarded prejudgment interest, a court must determine that at the time the proof of loss was denied,

---

[7]As the Oklahoma Supreme Court has recognized, "[t]here is a strong presumption that the lodestar method, alone, will reflect a reasonable attorney fee." *Parsons v. Volkswagen of American, Inc.*, 341 P.3d 662, 670 (Okla. 2014) (*citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)).

10

the quantum of the loss could be ascertained by reference to market values. *Id*. The Oklahoma Supreme Court also explained, however, that "[d]amages are not certain where their calculation is left to the best judgment of the fact-finder or if conflicting evidence must be weighed to determine the precise amount of damages due." *Id*. at 1261 n. 45.

In *McQuay v. Penn-America Ins. Co.*, 91 Fed. Appx. 626, 632 (10th Cir. 2003), the court held that an award of prejudgment interest was improper pursuant to §§ 3629(B) and §6 on facts similar to those at issue here. In reaching this holding, the court relied on the following facts: (1) in the final pretrial order, the plaintiff identified his damages on the breach of contract claim as an issue to be litigated; (2) the jury was instructed on insurable interest and damages for the breach of contract claim; and (3) at trial the plaintiff testified that some of the estimates were "guesswork" but in the "ballpark" of damages sustained. *Id*. at 632. The court held these facts made clear that an award of damages was a question of fact for the jury and that it was not even certain the plaintiff would recover any damages. *Id*.

As Defendant correctly argues, these same factors are present in this case. The amount of damages and whether those damages were recoverable was set forth as an issue to be tried in the Final Pretrial Report, the jury was instructed on damages for Plaintiff's breach of contract claim and at trial conflicting evidence was presented as to the amount of damages, if any, that should be awarded. Moreover, as Defendant notes, the jury specifically requested guidance as to how damages should be calculated during its deliberations. *See* Doc. No. 162. Based on these facts, Plaintiff's damages were not ascertainable until the jury's verdict. Therefore, Plaintiff is precluded from an award of prejudgment interest pursuant to Okla. Stat. tit. 36, § 3629(B) and 23 Okla. Stat. § 6.

**III.     Conclusion**

For the reasons set forth, the Court finds that Plaintiff is entitled to an award of attorney's fees as a prevailing party pursuant to Okla. Stat. tit. 36, § 3629(B) and that $89,415.00 represents a reasonable fee award. Plaintiff is not entitled to an award of prejudgment interest.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney's Fees and Interest upon the Judgment [Doc. No. 154] is GRANTED in part and DENIED in part. The Court awards Plaintiff a reasonable attorney fee in the amount of $89,415.00. The Court denies Plaintiff an award of prejudgment interest.

IT IS SO ORDERED this 6th day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE